# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNN A. VAN TASSEL, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 13-1672 Erie |
| ) | Judge Nora Barry Fischer |
| HONORABLE JUDGE THOMAS M. PICCIONE, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

### I. INTRODUCTION

Pending before this Court are Plaintiff Lynn Van Tassel's ("Plaintiff") "Motion for Reconsideration of Order of May 12, 2014 Pursuant to Fed. R. C. P. Rule 59(E)," (Docket No. [35]), and Defendant, the Honorable Thomas M. Piccione's Brief in Opposition thereto, (Docket No. [36]). For the following reasons, Plaintiff's motion for reconsideration [35] is denied.

### II. BACKGROUND

On November 21, 2013, Plaintiff filed a complaint in which she alleged that her First, Fourth and Fourteenth Amendment rights had been violated as the result of a civil contempt proceeding conducted by Judge Thomas A Piccione ("Judge Piccione"). In addition to Judge Piccione, Plaintiff named the following individuals as defendants: James R. Jendrysik ("Jendrysik"), Lawrence County Chief Probation Officer; Brian Covert ("Covert"), Warden of the Lawrence County Jail; Joshua Lamancusa ("Lamancusa"), Lawrence County District Attorney; and Pennsylvania State Police troopers Clyde Jones ("Jones") and Frank Noonan

1

("Noonan") (collectively, "Defendants"). In addition to her federal claims, Plaintiff asserted state law claims of intentional infliction of emotional distress, defamation, false arrest and false imprisonment.

In her complaint, Plaintiff primarily attacked the manner in which she was released from prison to house arrest following her incarceration on civil contempt charges related to her violation of a state court order in a related case. In the course of that transfer, a miscellaneous docket was created indicating that Plaintiff had been charged with "indirect criminal contempt" pursuant to 23 Pa. C.S.A. 6114(a). Shortly thereafter, Judge Piccione held a hearing and released Plaintiff on "nominal bail." He also expunged the miscellaneous docket entry to remove any suggestion that Plaintiff had been charged criminally. The heart of Plaintiff's complaint was her contention that the miscellaneous docket entry reflected an illegal and unconstitutional criminal conviction.

On May 12, 2014, this Court dismissed Plaintiff's complaint in its entirety on the basis of the *Rooker-Feldman* doctrine, Eleventh Amendment immunity, judicial immunity, prosecutorial immunity, and failure to state a claim. The instant motion for reconsideration ensued.

### III. LEGAL STANDARD

"Motions for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure are granted sparingly '[b]ecause federal courts have a strong interest in finality of judgments.'" *Jacobs v. Bayha*, 2011 WL 1044638, at *2 (W.D. Pa. Mar. 18, 2011) (quoting *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F.Supp. 938, 943 (E.D. Pa. 1995)) (emphasis added). "Because of the interest in finality, at least at the district court level . . . the parties are not free to relitigate issues the court has already decided." *Williams v. City of Pittsburgh*, 32 F.Supp.2d 236,

238 (W.D. Pa. 1998) (citing *Rottmund v. Continental Assurance Co.*, 813 F.Supp. 1104, 1107 (E.D. Pa. 1992)). The purpose of a motion for reconsideration is "'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). Accordingly, a court may grant a motion for reconsideration only if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café*, 176 F.3d at 677 (citing *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

## IV. DISCUSSION

Plaintiff's motion for reconsideration must be denied because she has not identified any changes in the controlling law, new evidence, or clear errors of law or fact made by the Court in the course of granting Defendants' motion to dismiss. The bulk of her motion consists of an impassioned regurgitation of the same arguments that she previously raised in opposition to the motions to dismiss. She also contends that this Court committed clear error by relying on factual characterizations that were not presented in her complaint.

As the Court explained in its March 12, 2014 Memorandum Opinion, the vast majority of Plaintiff's federal claims were barred by the *Rooker-Feldman* doctrine because the harm alleged in her complaint flowed directly from judicial orders issued by Judge Piccione. As such, Plaintiff's posture in bringing this action was that of a "state-court loser[] complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).

Under *Rooker-Feldman*, "federal courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010). Moreover, the lone allegation in her complaint that survived the *Rooker-Feldman* hurdle – her assertion that Judge Piccione conspired with several other individuals to bring false charges against her – was clearly subject to dismissal on the basis of Eleventh Amendment immunity, judicial immunity and prosecutorial immunity. Nothing in Plaintiff's motion for reconsideration suggests that this Court committed a clear error of law in reaching any of the foregoing determinations, and the majority of her arguments are best characterized as an attempt at the proverbial "second bite of the apple." *See, e.g., Boone v. Daughtery*, 2013 WL 5836329, *1 (W.D. Pa. Oct. 30, 2013) ("Motions for reconsideration are not designed to provide litigants with a second bite at the apple.") (citing *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995)); *see also Ogden v. Keystone Residence,* 226 F.Supp.2d 588, 606 (M.D. Pa. 2002) (explaining that a motion for reconsideration may not be used to reargue issues already argued or relitigate points of disagreement between the litigant and the court).

With respect to Plaintiff's allegations of factual error, she primarily contends that the Court mischaracterized portions of her complaint and drew on facts outside of the record in reaching its decision. The majority of her objections consist of parsing the language used in the Court's Memorandum Opinion and attacking any deviations from the precise language used in her complaint. For example, the Court noted in its Memorandum Opinion that "Judge Piccione agreed to release Plaintiff on house arrest . . .". (Docket No. 33 at 2). Plaintiff objects to the use of the word "agreed", arguing that it implies that Judge Piccione's decision was the product of

4

negotiation, rather than a unilateral decision. (Docket No. 35 at 2). Most of her other factual objections are in a similar vein.

In order for allegations of factual error to support a motion for reconsideration, they must be material. *See, e.g., Buffa v. N.J. State Dept. of Judiciary*, 56 Fed. Appx. 571, 575 (3d Cir. 2003) (holding that reconsideration is appropriate only when "*dispositive* factual matters or controlling decisions of law were presented to the court but were overlooked") (internal quotes omitted) (emphasis added); *Zion v. Nissan*, 2010 WL4237929, *6 (W.D. Pa. Oct. 21, 2010) (denying reconsideration because the factual clarifications suggested by the moving party would not have affected the outcome of the motion); *Liu v. Mukasey*, 553 F.3d 37, 40 (1st Cir. 2009) (affirming the trial court's rejection of the petitioner's motion for reconsideration because it "failed to identify any *material* error of law or fact") (emphasis added). Even assuming that the linguistic objections raised by Plaintiff in her motion for reconsideration could somehow rise to the level of a mistake of fact, none of those discrepancies had any impact on the Court's ultimate decision.

## V. CONCLUSION

For all of the foregoing reasons, Plaintiff's motion for reconsideration (Docket No. 35) is DENIED. An appropriate Order follows.

*/s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

CC/ECF: All parties of record.
Date: July 10, 2014